## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

---------------------------------------------------------

MICHAEL DOLAN                               :
3943 Constance Road                         :        CIVIL NO. _____
Philadelphia, PA 19114                      :
                                            :
                        Plaintiff,          :        **JURY TRIAL DEMANDED**
                                            :
            v.                              :
                                            :
VIRTUA WILLINGBORO                          :
HOSPITAL, INC.                              :
d/b/a VIRTUA WILLINGBORO                     :
HOSPITAL                                    :
20 W. Stow Road, Suite 8                    :
Marlton, NJ 08053                           :
                                            :
                        Defendant.          :

---------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Michael Dolan ("Plaintiff"), by and through his undersigned attorney, for his

Complaint against Defendant, Virtua Willingboro Hospital, Inc. d/b/a Virtua Willingboro Hospital

("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action to redress violations by Defendant of the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Family and Medical

Leave Act ("FMLA"), 29 U.S.C. § 2601*, et seq.* and the New Jersey Law Against Discrimination

("NJLAD"), N.J.S.A. § 10-5:1, *et seq.*

## PARTIES

2.      Plaintiff Michael Dolan is a citizen of the United States and Pennsylvania, and

currently maintains a residence at 3943 Constance Road, Philadelphia, PA 19114.

3.     Defendant Virtua Willingboro Hospital, Inc. d/b/a Virtual Willingboro Hospital is a for-profit corporation incorporated in the State of New Jersey, with a registered office address and principal place of business located at 20 W. Stow Road, Suite 8, Marlton, NJ 08053.

4.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of the employment and for Defendant.

## JURISDICTION AND VENUE

5.     On or about September 29, 2021, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959 (a).  Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2021-05302.  Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6.     By correspondence dated May 3, 2022, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

7.     Plaintiff filed the instant action within the statutory time frame applicable to his claims.

8.     This is an action authorized and instituted pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

9.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

11.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein and the unlawful practice of which Plaintiff is complaining were committed in the State of New Jersey.

## FACTUAL ALLEGATIONS

12.     Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13.     In or around March 2008, Plaintiff began his employment with Defendant in the position of Chief Technologist.

14.     Then, in or about 2019, Plaintiff's position title was changed to Radiology Manager.

15.     Throughout the course of his employment with Defendant, Plaintiff received positive reviews on his performance, occasional raises, and no justifiable discipline.

16.     By way of background, at the time of his termination from employment with Defendant, Plaintiff was fifty-eight (58) years old.

17.     In or around July 2020, Deana Carducci ("Ms. Carducci") became Plaintiff's new supervisor.

18.     Notably, Ms. Carducci is in her late 30s/early 40s.

19.     Since Ms. Carducci became Plaintiff's supervisor, Ms. Carducci subjected Plaintiff to constant harassment.

3

20.     As a result thereof, in or around July 2020, Plaintiff made a complaint to Defendant's Human Resources Representative for Radiology, Gail Wexler ("Ms. Wexler"), regarding Ms. Carducci's harassing conduct.

21.     In response to his complaint, Ms. Wexler told Plaintiff to work on his communication with Ms. Carducci and that Ms. Wexler would speak with Ms. Carducci about her conduct.

22.     Shortly thereafter, in or around September 2020, Ms. Carducci made substantial changes to Plaintiff's work responsibilities, and took some responsibilities away from him.

23.     In or around October 2020, Plaintiff scheduled hip replacement surgery.

24.     However, Plaintiff's surgery was then moved from October 2020 to December 2020.

25.     On or about December 10, 2020, Plaintiff began a medical leave of absence under the FMLA, and underwent hip replacement surgery.

26.     Plaintiff remained out of work until March 2021.

27.     On or about March 5, 2021, Plaintiff's doctor advised him that he could likely return to work on or about March 8, 2021.

28.     On or about March 8, 2021, upon attempting to return to work, Ms. Carducci called Plaintiff and told him not to report to work on that date but to instead meet with Ms. Carducci on or about March 9, 2021, at Defendant's Mount Holly, New Jersey location.

29.     Moreover, Ms. Carducci told Plaintiff that she wanted to discuss "some changes" but did not mention any discipline.

30.     On or about March 9, 2021, Plaintiff met with Ms. Carducci.

4

31. During this meeting, Ms. Carducci stated that Plaintiff was being terminated from employment for three (3) reasons.

32. First, Ms. Carducci stated that Defendant could not locate a Physicist's report.

33. However, this report was located in Plaintiff's office.

34. Second, Ms. Carducci stated that Plaintiff did not do direct observations of mammography staff performing their procedures.

35. However, it is inappropriate for a male to observe these mammography procedures directly, and at no time prior was Plaintiff directed to do so.

36. Third, Ms. Carducci stated that Plaintiff's paperwork was not timely dated.

37. However, New Jersey law permits additional time to date paperwork and Plaintiff was not in violation of New Jersey law.

38. At the time of his termination, Plaintiff was fifty-eight (58) years old.

39. Upon information and belief, Defendant replaced Plaintiff with someone in their 30s.

40. In light of the foregoing, it is believed and therefore averred that Defendant's stated reasons for Plaintiff's termination were entirely pretextual and that the actual reason Plaintiff was terminated was on the basis of his age, fifty-eight (58), in violation of the ADEA and NJLAD.

41. It is additionally believed and therefore averred that Defendant terminated Plaintiff's employment because Plaintiff exercised and/or attempted to exercise his rights under the FMLA.

42. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages,

and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U.S.C. § 621, *et seq.*
### DISCRIMINATION

43.     Paragraphs 1 through 42 are hereby incorporated by reference as though the same were fully set forth at length herein.

44.     Defendant employed at least twenty (20) employees throughout its various office locations at all relevant times material hereto.

45.     Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff on account of his age, being fifty-eight (58) years old at the time of the unlawful discrimination and, thus, over forty (40) years old.

46.     Specifically, Defendant terminated Plaintiff from employment because of Plaintiff's age.

47.     Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

48.     Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia*, loss of past and future wages and compensation.

49.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.  Back wage, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.  Liquidated damages;

C.  Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.  Pre-judgment interest in an appropriate amount; and

E.  Such other and further relief as is just and equitable under the circumstances.

F.  Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable federal law.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. 2601, *et seq.*
### INTERFERENCE AND RETALIATION

50.  Paragraphs 1 through 49 are hereby incorporated by reference as though the same were fully set forth at length herein.

51.  Defendant employed at least fifty (50) employees at its various office locations within the applicable seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of twenty (20) or more calendar days in the current or preceding year of Plaintiff's request for FMLA leave.

52.     Plaintiff was an eligible employee under the FMLA and was entitled to take up to twelve (12) weeks of unpaid leave in order to recover from his hip replacement surgery.

53.     Defendant willfully violated the FMLA by: (a) terminating Plaintiff in retaliation for requesting and taking leave under the FMLA; and, (b) interfering with Plaintiff's rights to protected leave under the FMLA by terminating Plaintiff upon his attempt to return to work from same.

54.     The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

55.     As a result of Defendant's actions, Plaintiff has suffered significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant him the maximum relief allowed by the law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Liquidated damages;

C.     Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

D.     Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances.

## COUNT III
## THE NEW JERSEY LAW AGAINST DISCRIMINATION
## N.J.S.A. § 10-5:1, *ET SEQ.*
## DISCRIMINATION

56.    Paragraphs 1 through 55 are hereby incorporated by reference as though the same were fully set forth at length herein.

57.    Defendant violated the NJLAD in that Defendant unlawfully and illegally discriminated against Plaintiff on account of his age, fifty-eight (58), at the time of Plaintiff's termination, by terminating Plaintiff because of his age.

58.    Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

59.    Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia*, loss of past and future wages and compensation.

60.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    */s/Michael Murphy, Esq.*
        Michael Murphy, Esq.
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        murphy@phillyemploymentlawyer.com
        *Attorney for Plaintiff*

Dated: July 28, 2022

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.